IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARTHUR SEASE, IV, )<br>)<br>Movant, )<br>) <br>v. )<br>) <br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Civil No. 2:20-cv-02873-JPM-tmp<br><br>Criminal No. 2:06-cr-20304-JPM-1 |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Arthur Sease, IV ("Sease"), Bureau of Prisons ("BOP") register number 21062-076, an inmate at FCI Bennettsville in Bennettsville, South Carolina. (Case No. 2:20-cv-02873-JPM-tmp (W.D. Tenn.) [hereinafter "the instant action"], ECF No. 1-2.) For the reasons discussed below, Sease's §2255 Motion is **DENIED**.

I.  **BACKGROUND**

   A. **Criminal Case Number 2:06-cr-20304-JPM-1**

On September 16, 2008, a federal grand jury in the Western District of Tennessee returned a second superseding indictment against Sease, charging him with one count of

Conspiracy Against Rights, in violation of 18 U.S.C. § 241 (Count 1), one count of Conspiracy to Possess Controlled Substances With Intent to Distribute, in violation of 18 U.S.C. § 846 (Count 2), twelve counts of Robbery and Extortion Under the Color of Law Interfering With Interstate Commerce, in violation of 18 U.S.C. § 1951 (the "Hobbs Act") (Counts 3–14), eleven counts of Possession of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Counts 15–25), twelve counts of Deprivation of Rights Under the Color of Law, in violation of 18 U.S.C. § 242 (Counts 26–37), thirteen counts of Using a Firearm in Relation to the Commission of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Counts 38–50), and one count of Money Laundering, in violation of 18 U.S.C. § 1956(a) (Count 51). (Criminal Case No. 2:06-cr-20304-JPM-1 (W.D. Tenn.), ECF No. 228 [hereinafter "Criminal Case"].) The United States Court of Appeals for the Sixth Circuit summarized the scheme that led to the criminal charges in the opinion on direct appeal:

> Arthur Sease was a Memphis police officer until he was fired by the department in late 2004. The jury found that Sease was the principal co-conspirator in a plan to acquire money and drugs from drug dealers for his own benefit and the benefit of his coconspirators. Three other Memphis police officers—Antoine Owens, Andrew Hunt, and Alexander Johnson—as well as other associates and relatives of Sease, were involved in the conspiracy.
>
> Sease's convictions are based on fourteen separate incidents. The incidents follow the same basic plan. Sease would arrange for a drug buy or a drug sell (using drugs taken in a previous incident) using a non-officer contact as the front person. As the deal was occurring, either Sease or one of his fellow co-conspirator officers would arrive at the scene to make a purported arrest and seize the money and drugs involved in the deal. The participants would then be released, and Sease and his conspirators would split the proceeds without reporting the incidents.
>
> The first incident lays out most clearly the conspiracy's general operational plan that was followed in later incidents. In November or December 2003, Sease arranged for his cousin to set up a drug deal with Dejuan "Nard" Brooks. Acting outside of his assigned beat, Sease observed the deal in an unmarked police car while wearing plain clothes. When Brooks's SUV pulled up next to Sease's cousin's vehicle, Sease radioed for Owens to come to the scene in uniform in a patrol car. Owens approached the two vehicles with his weapon drawn and removed both Brooks and Sease's cousin from their vehicles. Operating under

> Sease's instructions to "make it look real," Owens roughed up Sease's cousin and placed him in the back of the patrol car. Meanwhile, Sease searched Brooks's SUV and found a bag containing a half-kilogram of cocaine, which Sease placed in the front seat of his unmarked vehicle. Owens also seized $11,000 from Brooks, then released him without an arrest. Once Brooks left, Sease's cousin was released from Owens's patrol car, and the drugs were dropped off at a South Memphis house, where they were later used to set up another drug sale. Owens, Sease, and Officer Johnson then split the $11,000 in cash.

United States v. Sease, 659 F.3d 519, 521 (6th Cir. 2011), cert. denied, (Oct. 1, 2012).

On February 5, 2009, a jury returned a verdict finding Sease guilty as to Counts 1–11, 13–18, 20–24, 26–33, 35–46, and 48–49 and not guilty as to Counts 12, 25, 34, 47, 50, and 51. (Criminal Case, ECF No. 311; See also Criminal Case, ECF No. 423 (summarizing the jury verdict.)) Count 19 was voluntarily dismissed by the Government before trial. (Criminal Case, ECF No. 287.)

Sease was found guilty of Conspiracy to Violate Civil Rights under 18 U.S.C. § 241 (Count 1); Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine under 21 U.S.C § 846 (Count 2); Robbery Affecting Commerce and Aiding and Abetting under 18 U.S.C. §§ 1951 and 2 (Counts 3–11, 13, and 14); Possession and Attempted Possession of Cocaine with Intent to Distribute and Aiding and Abetting under 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2 (Counts 15, 17, 20, and 22); Possession and Attempted Possession of Marijuana with Intent to Distribute and Aiding and Abetting under 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2 (Counts 16, 18, and 21); Possession and Attempted Possession of 500 Grams or More of Cocaine with Intent to Distribute and Aiding and Abetting under 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2 (Counts 23 and 24); Deprivations of Civil Rights Under Color of Law and Aiding and Abetting under 18 U.S.C. §§ 242 and 2 (Counts 26–33 and 35); Violations of Civil Rights Involving Kidnapping and Aiding and Abetting under 18 U.S.C. §§ 242 and 2 (Counts 36 and 37); and Carrying or Use of a Firearm During and in Relation to

a Robbery Affecting Commerce and Aiding and Abetting under 18 U.S.C. §§ 924(c) and 2 (Counts 38–46 and 48–49). (Criminal Case ECF No. 311; See also Criminal Case, ECF No. 423.) The jury returned a special verdict with respect to Counts 1, 2, 23, 24, 26, 28–30, 32, 34–44, 46, and 48–49.[1] (Criminal Case, ECF No. 311.)

On July 1, 2009, Sease was sentenced to a term of imprisonment of life plus 255 years, to be followed by five (5) years of supervised release. (Criminal Case ECF No. 423.) The Sixth Circuit affirmed Sease's conviction on October 21, 2011. United States v. Arthur Sease, IV, 659 F.3d 519 (6th Cir. 2011). The Supreme Court denied Sease's Petition for Writ of Certiorari on October 1, 2012. Sease v. United States, 568 U.S. 827 (2012).

**B. The First § 2255 Motion**

Sease filed a first § 2255 Motion to Vacate, Set Aside, or Correct Sentence on October 9, 2013. (Civil Case No. 2:13-cv-02793-JPM-tmp [hereinafter "first § 2255 action"], ECF No. 1.) Sease argued that he was not provided effective assistance of both trial and appellate counsel in violation of his Sixth Amendment rights. (Id.) The Court denied Sease's § 2255 Motion and declined to issue a certificate of appealability. (Id.; first § 2255 action, ECF No. 25.) The Court further held that any appeal in the matter would not be taken in good faith, and denied leave to appeal in forma pauperis. (first § 2255 action, ECF No. 25 at PageID 241.) Sease appealed, and the Sixth Circuit Court of Appeals denied Sease's Motion for a Certificate of Appealability on January 17, 2018. (Arthur Sease, IV v. United States, Case No. 17-5596 (6th Cir.) [hereinafter "first § 2255 appeal"], ECF No. 34.)

---

[1] Relevant to the instant motion, the jury returned a special verdict finding that for each of Counts 38–46 and 48–49, Sease knowingly carried and used a firearm during and relation to the underlying predicate offenses of robbery. (ECF No. 311 at PageID 1308–1321.)

4

### C. The Instant § 2255 Motion

Sease filed an Application for Leave to File a Second or Successive Motion under 28 U.S.C. § 2255 with the Sixth Circuit Court of Appeals on June 25, 2020.  (In re Arthur Sease, IV, Case No. 20-5689 (6th Cir.), ECF No. 1.)  The Sixth Circuit granted Sease's motion, and transferred the case to this Court on November 25, 2020.  (Id., ECF No. 8; see also the instant action, ECF No. 1.)  On December 2, 2020, the Court ordered the United States to Respond.  (The instant action, ECF No. 3.)  The United States filed a Response in Opposition on January 14, 2021.  (Id., ECF No. 9.)  Sease filed a Reply to the Response of the United States in Opposition on January 19, 2021.  (Id., ECF No. 10.)

## II.     LEGAL STANDARD

Federal prisoners who claim their sentences violate the Constitution or federal law may move their sentencing courts to vacate, set aside, or correct their sentences.  See 28 U.S.C. § 2255(a).  "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

"[A] § 2255 motion is not a substitute for a direct appeal."  Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013) (internal quotation marks omitted).  "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."  Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).  "Defendants must assert their claims in the ordinary course of trial and direct appeal."  Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996).

A § 2255 motion must be filed within one year of the date on which (1) the movant's conviction becomes final, (2) the movant becomes able to bring the motion, if the government was previously impeding the movant from doing so, (3) "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) the facts supporting the movant's claims first became discoverable through the exercise of due diligence. See 28 U.S.C. § 2255(f).

After a § 2255 motion is filed, it is reviewed by the sentencing court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The court may also direct the parties to provide additional information relating to the motion. See Rule 7, § 2255 Rules.

III.  ANALYSIS

   A.  Background Law

18 U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall receive a consecutive sentence of not less than five years. 18 U.S.C. §§ 924(c)(1)(A), (D). Section 924(c)(3) defines "crime of violence" as any felony that " (A) has as an element the use, attempted use, or threatened us of physical

6

force against the person or property of another" (the "use-of-force clause"), or " (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (the "residual clause"). 18 U.S.C. §924(c)(3)(A)–(B).

On June 25, 2019, the Supreme Court held in United States v. Davis that § 924(c)(3)'s residual clause is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). The Sixth Circuit Court of Appeals has held that the holding announced in Davis applies retroactively on collateral review in § 2255 proceedings. In Re Franklin, 950 F.3d 909 (6th Cir. 2020) (per curiam).

The federal crime of robbery under 18 U.S.C. §§ 1951 qualifies as a crime of violence under § 924(c)(3)'s use-of-force clause. United States v. Gooch, 850 F.3d 285, 291–92 (6th Cir. 2017) (finding that a conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s use-of-force clause); see also United States v. Holmes, Nos. 18-3784/3859, 2019 WL 6842343, at *5 (6th Cir. Dec. 16, 2019) (reaffirming Gooch's holding that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause, following the Supreme Court's decision in Davis); In re Franklin, 950 F.3d at 911 (noting that § 924(c)(3)'s use-of-force clause survived Davis). Because Sease's robbery convictions qualify as crimes of violence, his conviction under § 924(c) remains valid despite the Supreme Court's holding in Davis.

### B. The Instant § 2255 Motion

Sease argues that his convictions under § 924(c) must be reversed because the Second Superseding Indictment charged Sease only with extortion, and not robbery.[2] (The instant action, ECF No. 1-2 at PageID 15–16.) Sease further argues that the jury verdict does not specify the jury's finding as to robbery or extortion. (Id., ECF No. 1-2 at PageID 17.) Sease therefore argues that each of his 924(c) convictions is based on the underlying predicate act of extortion, and not robbery, and that extortion can no longer be considered a "crime of violence" for § 924(c) purposes after Davis. (Id., ECF No. 1-2 at PageID 17.)

Sease also argues that counts 43 and 49 should be reversed, because they charged him with kidnapping as part of the basis for his § 924(c) convictions, and that kidnapping is no longer a "crime of violence" for § 924(c) purposes after Davis. (Id., ECF No. 1-2 at PageID 17–18 (citing Knight v. United States, 936 F.3d 495, 497 (6th Cir. 2019)).)

Finally, Sease argues that each of his § 924(c) convictions that were based on predicate offenses of both a crime of violence and a drug trafficking crime are inappropriate. (Id., ECF No. 1-2 at PageID 18.) Sease points to Eleventh Circuit precedent to support this argument. (Id., ECF No. 1-2 at PageID 18–19 (quoting In re Gomez, 830 F.3d 1225, 1227 (11th Cir. 2016)).)

In Response, the Government argues that Sease's claims are barred by the procedural default doctrine. (Id., ECF No. 9 at PageID 49.) The Government argues that Sease cannot show cause and actual prejudice to excuse his failure to raise his claim previously, and also

---

[2] Sease appears to quote the Superseding Indictment (Criminal Case, ECF No. 41) instead of the Second Superseding Indictment (Criminal Case, ECF No. 226) under which he was actually convicted. (ECF No. 1-2 at PageID 17.) This is significant to Sease's arguments, because the Superseding Indictment charges only extortion in violation of 18 U.S.C. § 1951 and § 2 in Counts 3–13, while the Second Superseding Indictment specifically charges both extortion and robbery in violation of 18 U.S.C. § 1951 and § 2 in Counts 3–14. (Compare Criminal Case, ECF No. 41 with Criminal Case, ECF No. 226)

cannot show that he is actually innocent of the crimes for which he was convicted. (Id. (citing Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)).) The Government argues that Sease cannot demonstrate cause to overcome procedural default, because his claims are not "novel." (Id. at PageID 55.) The Government argues that the tools were available for Sease to bring his challenge before Davis was decided, and that a vagueness challenge to § 924(c) does not meet the standard required to show novelty. (Id.) The Government argues that Sease cannot show actual prejudice because his § 924(c) convictions are each still valid as they are based on predicate robbery and drug trafficking crimes in addition to extortion, and not simply on extortion alone. (Id. at PageID 54–55.)

The Government argues that Sease cannot show he is "actually innocent" because each of Sease's § 924(c) convictions were proper as they were based on robbery, which remains a "crime of violence" offense even after Davis. (Id. at PageID 50.) The Government argues that, in contrast to Sease's assertion, Counts 3–14 of the Second Superseding Indictment unambiguously charge Sease with both extortion and robbery under 18 U.S.C. § 1951, and not extortion alone. (Id. at PageID 51.) The Government argues that the Second Superseding Indictment specified that "the § 924(c) charges were based, inter alia, on the predicate crimes of 'interference with commerce by threats or violence.'" (Id.) The Government argues that the jury was specifically instructed that it could find that Sease knowingly and intentionally carried or used a firearm during and in relation to (1) the crime of drug trafficking as charged in Counts 15–25, (2) the crime of obstruction of commerce by robbery as charged in Counts 3–14, or (3) the crime of kidnapping as charged in Counts 36 and 37. (Id. at PageID 52.) The Government argues that the jury specifically found that, for each § 924(c) conviction, Sease carried and used a firearm during and in relation to at least one particular "robbery" offense. (Id. (citing Criminal

9

Case, ECF No. 311 at PageID 1308–21).)  The Government argues that Sease cannot make a showing that his § 1951 convictions were based on extortion alone.  (Id.)

The Government argues that, in addition to being based on robbery, all but two of Sease's § 924(c) convictions[3] were also independently based on drug trafficking offenses.  (Id. at PageID 53.)  The Government argues that the jury made a specific finding that Sease possessed and used a firearm in connection with crimes of possession with intent to distribute a controlled substance.  (Id.)  The Government argues that Davis did not disturb a § 924(c) conviction based on the predicate offense of drug trafficking, and that all but two of his convictions are independently based on drug trafficking crimes.  (Id. at PageID 54.)  They would therefore remain valid even if each underlying §1951 violation was determined to no longer be a "crime of violence" post-Davis.  (Id.)

In Reply, Sease argues that his § 2255 challenges are not procedurally defaulted, because at the time of his direct appeal and first § 2255 motion, "a Davis-related claim was foreclosed by a near unanimous body of lower court authority."  (The instant action, ECF No. 10 at PageID 60 (quoting Lee v. United States, No. 3:19-cv-00850, 2020 WL 7425862 (M.D. Tenn. Dec. 18, 2020)) (internal quotations omitted).)  Sease argues that he has demonstrated actual prejudice, because his allegedly unconstitutional § 924(c) sentences mandated lengthy and consecutive sentences that "worked to his actual and substantial disadvantage."  (Id. (quoting Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993)).)  Sease does not explicitly argue that he is actually innocent, however he does argue that extortion cannot be a predicate "crime of

---

[3] Sease's two § 924(c) convictions that were based on robbery alone, and not also drug trafficking and/or kidnapping, are those charged in Counts 42 and 45.  (See Criminal Case, ECF No. 311 at PageID 1311–12, 1314–15.)

violence" for § 924(c) purposes and that it is impossible to determine whether the jury's general verdict[4] was based on extortion or robbery as the predicate offense. (Id. at PageID 61–62.)

### i. Procedural Default of Sease's Davis Challenges

Sease's Davis challenges are barred by the doctrine of procedural default. On direct appeal, Sease challenged neither § 924(c) as being unconstitutionally vague, nor his § 924(c) convictions as being improperly based on extortion alone. (See generally United States v. Arthur Sease, No. 09-5790 (6th Cir.) [hereinafter "the direct appeal"].) A movant may be barred from bringing a Davis claim through a § 2255 motion when he failed to make the argument on direct appeal, even if his conviction became final before Davis was decided. Parker v. United States, 993 F.3d 1257, 1262 (11th Cir. 2021). The question then, is whether Sease may overcome this procedural default through a showing of either "cause and actual prejudice" or "actual innocence." Ray, 721 F.3d at 761.

Sease makes a plausible argument that there is cause to excuse the procedural default of his Davis claim. Sease argues that his claim "was foreclosed by 'a near unanimous body of lower court authority'" at the time of his direct appeal and first § 2255 motion, and should therefore be considered "so novel that its legal basis was not reasonably available to counsel at the time of default." (ECF No. 10 at PageID 58–60 (quoting Lee v. United States, No. 3:19-cv-00850, 2020 WL 7425862 (M.D. Tenn. Dec. 18, 2020), Reed v. Ross, 468 U.S. 1, 16 (1984)).) However, because Sease can prove neither actual prejudice nor that he is actually innocent, the Court will not decide the question of whether there is cause to excuse Sease's default.

---

[4] The jury returned a special verdict for each § 924(c) conviction, and not a general verdict as Sease argues. (See Criminal Case, ECF No. 311 at PageID 1308–21.)

Because Sease's § 924(c) convictions were each independently based on at least § 1951 robbery in addition to other offenses, Sease cannot demonstrate any actual prejudice stemming from the indictment additionally charging him with extortion. "To establish actual innocence, [Sease] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998.) Because a reasonable jury could have, and the jury in fact did, convict Sease of violating § 924(c) for underlying predicate crimes other than extortion, he is unable to make this showing. These issues are discussed further in the following section.

  ii. *Sease's* Davis *Challenges Fail on the Merits, Even if He Could Overcome Procedural Default*

Sease's Davis Challenges to his § 924(c) appear to be based largely on misunderstandings of the contents of his indictment and a selective reading of the jury verdict. When reviewing his criminal case, it becomes clear that each of Sease's § 924(c) convictions was independently based on at least robbery, and in many cases both robbery and drug trafficking, each of which continue to remain proper predicate offenses to support a § 924(c) conviction post-Davis.

The Second Superseding Indictment, which formed the basis for Sease's eventual guilty jury verdict and sentence, unambiguously charges Sease with both § 1951 robbery *and* extortion.[5] (Criminal Case, ECF No. 226.) Sease's argument that he was only charged with extortion, and not robbery, is incorrect and contradicted by the record.

---

[5] Specifically, Counts 3–14 of the Second Superseding Indictment charge that "Arthur Sease . . . did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by extortion and robbery . . . in violation of Title 18, United States Code, Sections 1951 and 2." (Criminal Case, ECF No. 226.)

12

Sease's argument that the jury verdict "does not specify the jury's finding as to robbery or extortion" is also incorrect and contradicted by the record. (the instant action, ECF No. 1-2 at PageID 17.) For each of Sease's § 924(c) convictions, the jury returned a special verdict that Sease both knowingly carried and knowingly used a firearm during and in relation to a specific robbery. (Criminal Case, ECF No. 311 at PageID 1308–21.) Each special verdict further clarifies which underlying predicate § 1951 robbery, as charged in Counts 3–14, forms the basis for each § 924(c) conviction. Each special verdict has a similar form, and the special verdict for Count 38, is reproduced below as an example:

**COUNT 38**

We, the jury, with respect to count 38 unanimously find that Arthur Sease knowingly carried a firearm during and in relation to the December 2003 robbery of DeJuan Brooks, a/k/a "Nard".

YES ✓     NO ____

We, the jury, with respect to count 38 unanimously find that Arthur Sease knowingly used a firearm during and in relation to the December 2003 robbery of DeJuan Brooks, a/k/a "Nard".

YES ✓     NO ____

(Criminal Case, ECF No. 311 at PageID 1308.) The robbery described in Count 38 is the robbery charged in Count 3, which is reproduced below:

## COUNTS 3 THROUGH 14

On or about the dates listed below as to each count, within the Western District of Tennessee, the defendant,

------------------------------------ARTHUR SEASE------------------------------------

and others known and unknown to the Grand Jury, aiding and abetting each other, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by extortion and robbery, in that they did unlawfully take property listed below as to each count from the person of and in the presence of the people listed below as to each count, by the wrongful use of actual or threatened force, violence, and fear, and under color of official right, all in violation of Title 18, United States Code, Sections 1951 and 2.

| Count | Date – in/on or about | Victim | Property |
|---|---|---|---|
| 3 | December 2003 | Dejuan Brooks, a/k/a Nard | United States currency<br>Cocaine |

(Criminal Case, ECF No. 226 at PageID 559.) The jury returned a similar special verdict for each count charging a violation of § 924(c), with some counts also containing a special verdict for additional predicate crimes of drug trafficking and/or kidnapping, if relevant. (Criminal Case, ECF No. 311 at PageID 1308–21.)

The fact that the jury returned a general verdict for each underlying predicate offense as charged in Counts 3–14 has no bearing on the fact that the jury also returned a specific verdict for each § 924(c) count with robbery specified as a predicate offense. A § 924(c) conviction may be based on a predicate offense even when an indictment fails to actually charge the defendant with the predicate offense itself. United States v. Williams, 138 F. App'x 743, 748 (6th Cir. 2005) (quoting United States v. Ospina, 18 F.3d 1332, 1335-36 (6th Cir. 1994)) ("the language of § 924(c) includes crimes 'for which [the defendant] *may be prosecuted*' . . . and a

14

sentence under § 924(c) could be imposed *in the absence of any conviction* of an underlying drug offense"). The fact that Sease was convicted of the predicate crimes by a general verdict, in addition to the § 924(c) convictions by a special verdict, serves only to strengthen, not weaken, the basis for his § 924(c) convictions.

Further, even if the jury had returned a general verdict as to the § 924(c) convictions, which it did not, many circuits have held that a general verdict for a § 924(c) conviction may be upheld so long as at least one predicate offense remains valid post-Davis. See, e.g., Parker v. United States, 993 F.3d 1257 (11th Cir. 2021); United States v. Reed, 48 F.4th 1082 (9th Cir. 2022); United States v. Eldridge, 2 F.4th 27, 39 (2d Cir. 2021), vacated and remanded on other grounds, 142 S.Ct. 2863 (2022); United States v. Johnson, 827 F. App'x 283, 285 (4th Cir. 2020).

Sease's Davis challenges to his Count 42 and 45 convictions that further include kidnapping as a predicate offense must also fail for the same reason. These convictions are each independently supported by a special jury verdict specifying robbery as a predicate offense alongside kidnapping. (Criminal Case, ECF No. 311 at PageID 1311–12, 1314–15.)

    *iii.*    *Sease's Challenge Based on a Duplicitous Indictment Fails on the Merits*

Sease previously brought a challenge in his first § 2255 motion alleging that the Second Superseding Indictment was improper because it charged him with § 924(c) violations based on two or more predicate offenses in the same count. (first § 2255 appeal, ECF No. 6 at PageID 5.) This Court denied this challenge as raised in the first § 2255 motion on the merits, and the Sixth Circuit affirmed this denial. (Id., ECF No. 9-2 at PageID 6.) The Sixth Circuit summarized this Court's prior analysis as follows:

> The district court denied Sease's claim relating to whether Counts 38–50 each improperly charged more than one offense (claim eight) because it lacked merit. Again, "[t]he mere existence . . . of multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous." [United States v.] Washington, 127 F.3d[, 510,] 513 [(6th Cir. 1997)]. The district court explained that the government may—as was the case here—charge multiple theories and secure a conviction by proving only one. See United States v. Pirosko, 787 F.3d 358, 368 (6th Cir. 2015). As a result, this claim lacked merit, relieving counsel of any requirement to raise it. E.g., Greer [v. Mitchell], 264 F.3d [663,] 676 [(6th Cir. 2001)]. Reasonable jurists would not debate the district court's denial of this claim.

(first § 2255 appeal, ECF No. 9-2 at PageID 6.) Sease has not made any showing as to why his instant challenge is different from the one he previously raised, and it therefore fails for the same reasons.

Sease points to In re Gomez, 830 F.3d 1225 (11th Cir. 2016) to justify his arguments. Sease's challenge can be distinguished from Gomez. The procedural posture of Gomez was whether to grant the movant leave to file a second or successive § 2255 motion, and the court explicitly noted that it was the "job of the district court to decide every aspect of Gomez's motion" and that should a district court decision be reached on the merits, that "nothing in this order shall bind the merits panel in that appeal." Id. at 1228. In contrast, Sease has already been granted leave to file a second or successive § 2255 motion, and the instant action concerns whether this motion should be granted on the merits. Gomez also involved a case where the movant was convicted under § 924(c) by a general verdict, and the Eleventh Circuit specifically noted its concern that "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of [the] predicate offenses, or guilty of conspiring during some and not others." Id. at 1227. As Sease was convicted on each § 924(c) violation by a special verdict, these issues are not present in Sease's instant § 2255 motion.

16

The Eleventh Circuit has further clarified that "Gomez does not stand for the proposition that a court may not inquire as to which of several alternative predicates actually supplied the basis for a § 924(c) . . . conviction or that a court is constrained to assume the verdict rested on the least culpable predicate offense." Granda v. United States, 990 F.3d 1272, 1296 (11th Cir. 2021). The Eleventh Circuit noted instead that "Gomez had made a prima facie showing sufficient to receive authorization to file a second or successive § 2255 motion," but that "this prima facie decision is not inconsistent with a holding that, on the merits, the harmless error inquiry requires an examination of whether alternative, valid predicates grounded [the movant's] conviction." Id. at 1296 (emphasis in original). The Eleventh Circuit has also specified that "the inclusion of an invalid predicate offense in the indictment and jury instructions was harmless" when there is no real possibility that a defendant's 924(c) conviction "rested solely" on the invalidated predicate offense. Parker, 993 F.3d at 1265. Sease's challenge similarly fails for these reasons, because each of his § 924(c) convictions is validly grounded on a predicate robbery offense and there is no possibility that the jury based Sease's § 924(c) convictions on extortion alone.

## IV. CONCLUSION

The motion and the record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Sease's conviction and sentence are valid. His motion is **DENIED**. Judgment shall be entered for the United States.

## V. APPELATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional

17

right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting Miller-El, 537 U.S. at 337).

In this case, for the reasons stated, Sease's claims lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith,

or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (see 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (see Fed. R. App. P. 24(a) (4)–(5)).

**IT IS SO ORDERED**, this 28th day of December, 2022.

                                          s/ Jon P. McCalla
                                          JON P. McCALLA
                                          UNITED STATES DISTRICT COURT JUDGE